IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01693-WYD

WILLIAM ARELLANO,

      Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART

---

      This matter is before me on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") filed *pro se* by Applicant, William Arellano.  Mr. Arellano is challenging the validity of his conviction and sentence in Pueblo County District Court case number 03CR383.

      On July 13, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On August 27, 2012, Respondents filed their Pre-Answer Response (ECF No. 14) arguing that some of Mr. Arellano's claims are unexhausted and procedurally barred.  On October 11, 2012, Mr. Arellano filed a reply (ECF No. 17) (the "Reply") to the Pre-Answer Response.

I must construe the Application and the Reply liberally because Mr. Arellano is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I will dismiss the action in part.

## I.  BACKGROUND

Mr. Arellano is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. He was convicted by a jury of theft from an at-risk adult, two counts of attempted theft from an at-risk adult, and three counts of second degree burglary of a dwelling. Mr. Arellano also was adjudicated to be an habitual criminal and he was sentenced to a total term of 144 years in prison. The Colorado Court of Appeals affirmed the judgment of conviction on direct appeal. *See People v. Arellano*, No. 04CA1307 (Colo. App. Sept. 7, 2006) (unpublished) (ECF No. 14-1.) On May 14, 2007, the Colorado Supreme Court denied Mr. Arellano's petition for writ of certiorari on direct appeal. (*See* ECF No. 14-3.)

On July 10, 2007, Mr. Arellano filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 14-2 at 11.) The trial court denied the Rule 35(c) motion on March 4, 2010. (*See id.* at 9.) The Colorado Court of Appeals subsequently affirmed the trial court's order denying the Rule 35(c) motion. *See People v. Arellano*, No. 10CA0754 (Colo. App. Oct. 6, 2011) (unpublished) (ECF No. 14-11). On February 6, 2012, the Colorado Supreme Court denied Mr. Arellano's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 14-4.)

2

Mr. Arellano asserts the following five claims for relief in the Application:

1.      His Sixth Amendment right to a fair trial before an impartial jury was violated because the trial court denied a challenge for cause to a seventy-nine-year-old juror.

2.      His Fourteenth Amendment right to a fair trial was violated because the trial court admitted prejudicial evidence of an uncharged burglary and theft.

3.      His Sixth and Fourteenth Amendment rights were violated because (a) there was insufficient evidence to support his adjudication as an habitual criminal and (b) the trial court's allowance of documentary evidence under the business records exception in the habitual criminal proceedings denied him the opportunity to confront the witnesses against him.

4.      His Sixth and Fourteenth Amendment right to the effective assistance of counsel was violated because:  (a) trial counsel failed to challenge the introduction of evidence of an uncharged burglary and theft on a theory of collateral estoppel; (b) trial counsel failed to conduct sufficient investigation and discover or present exculpatory evidence; (c) trial counsel misadvised Mr. Arellano with respect to the maximum sentence he faced if convicted at trial; (d) trial counsel failed to seek a proportionality review of Mr. Arellano's sentence; (e) trial counsel failed to seek replacement of an allegedly biased juror who overheard a comment that Mr. Arellano previously had served time[1]; and (f) counsel on direct failed to raise as an issue the trial court's failure to sua sponte declare a mistrial when a prospective juror exposed other jurors to the fact that Mr. Arellano previously had served time

5.      His right to due process was violated because the trial court considered expunged juvenile records at sentencing.

---

[1]In the Application, Mr. Arellano's fifth argument that trial counsel was ineffective, designated in this order as claim 4(e), consists of an allegation that trial counsel failed to seek replacement of a juror, Mr. Arellano's ex-brother-in-law, who did not actually serve on the jury but allegedly exposed members of the jury pool to the fact that Mr. Arellano had been incarcerated since he was a juvenile.  Respondents have construed Mr. Arellano's fifth argument in the manner set forth in claim 4(e) in this order and Mr. Arellano has not objected to that construction of claim 4(e).  Therefore, I will consider claim 4(e) as construed by Respondents.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III.  EXHAUSTION OF STATE REMEDIES

Respondents do raise the affirmative defense of exhaustion of state court remedies.  More specifically, Respondents contend that claims 1, 2, 4(a) - 4(d), and 5 are unexhausted and procedurally barred.  I agree that claims 2, 4(a) - 4(d), and 5 are unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

4

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Arellano first asserts in the Reply that Respondents' arguments regarding exhaustion should be rejected because Respondents failed to comply with the order directing Respondents to file a Pre-Answer Response.  More specifically, Mr. Arellano contends that Respondents failed to submit with their Pre-Answer Response copies of the answer briefs filed by the government on direct appeal and on appeal in the postconviction Rule 35(c) proceedings.  He further contends that, without the government answer briefs, the Court cannot determine whether his claims in this action were fairly presented to the state courts as federal constitutional claims.  I do not agree.

Respondents were directed to attach as exhibits to their Pre-Answer Response "all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies."  (ECF No. 8 at 2.)  Because the government is not responsible for presenting Mr. Arellano's claims to the state courts in his state court appeals, the government answer briefs are not relevant to whether Mr. Arellano fairly presented his claims to the state courts as federal constitutional claims.

5

Therefore, I cannot conclude that Respondents failed to comply with the order directing them to file a Pre-Answer Response and I will proceed to consider Respondents' specific exhaustion arguments with respect to Mr. Arellano's claims.

Claim One

Mr. Arellano first claims that his Sixth Amendment right to a fair trial before an impartial jury was violated because the trial court denied a challenge for cause to a seventy-nine-year-old juror.  In support of this claim he alleges the challenged juror stated during voir dire that he could not be fair because he had been burglarized previously and would be sympathetic to the elderly victims.

Respondents argue that Mr. Arellano failed to exhaust state remedies for claim 1 because, although he raised a similar state law claim on direct appeal, he did not raise the claim as a federal constitutional claim.  Respondents concede that Mr. Arellano referenced the federal constitution in the introductory paragraphs of his arguments regarding this claim in the Colorado appellate courts by using the phrases "due process," "the right to a fair trial," and "the right to an impartial jury" (*see* ECF No. 14-5 at 12; ECF No. 14-7 at 4-5), but they maintain that Mr. Arellano did not exhaust a federal constitutional claim because he "never purported to apply the federal constitution" (ECF No. 14 at 11).

I find that Mr. Arellano fairly presented claim 1 to the Colorado appellate courts as a federal constitutional claim.  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a

case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"
*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

In addition to making references to the federal constitution as Respondents concede, Mr. Arellano's arguments before the state courts also included citations to Colorado Supreme Court cases that rely on federal constitutional law.  (*See* ECF No. 14-5 at 12; ECF No. 14-7 at 4-5.)  One of the Colorado Supreme Court cases cited by Mr. Arellano was *Morrison v. People*, 19 P.3d 668 (Colo. 2000).  In *Morrison*, the Colorado Supreme Court decided an impartial jury claim on federal grounds, stating that "[t]he due process clauses of the United States and Colorado constitutions guarantee every criminal defendant the right to a fair trial" and "[a]n impartial jury is a fundamental element of the constitutional right to a fair trial."  *Morrison*, 19 P.3d at 672.  Another Colorado Supreme Court case cited by Mr. Arellano was *People v. Macrander*, 828 P.2d 234 (Colo. 1992).  In *Macrander*, the Colorado Supreme Court cited *In re Murchison*, 349 U.S. 133, 136 (1955), for the proposition that "[a] fair trial in a fair tribunal is a basic requirement of due process" under the federal constitution. *Macrander*, 828 P.2d at 238.

Respondents are correct that Mr. Arellano's substantive argument in his state court briefs focused more precisely on whether the trial court abused its discretion in denying the challenge for cause and not the constitutional requirement of an impartial jury.  However, because Mr. Arellano referenced specific provisions of the federal constitution and cited state cases relying on the federal constitution, I conclude that the constitutional question fairly was presented.  Therefore, I find that claim 1 in the application is exhausted.

7

Claim Two

Mr. Arellano's second claim is that his Fourteenth Amendment right to a fair trial was violated because the trial court admitted prejudicial evidence of an uncharged burglary and theft.  He alleges in support of claim 2 that, although the trial court dismissed one of the counts of burglary with which he originally was charged, the trial court erroneously allowed evidence of that count to be presented to the jury for the purposes of establishing a common plan, scheme, or design.

Respondents argue that claim 2 is not exhausted because it was presented to the Colorado appellate courts on direct appeal only as a violation of the Colorado Rules of Evidence and not as a federal constitutional claim.  Mr. Arellano concedes in his reply to the Pre-Answer Response that "counsel on direct appeal didn't mention any constitutional right" in the opening brief on direct appeal to the Colorado Court of Appeals in connection with his claim regarding admission of evidence of the uncharged burglary and theft.  (*See* ECF No. 17 at 5.)

Although not addressed by Mr. Arellano, Respondents accurately note that Mr. Arellano's argument with respect to admission of evidence of the uncharged burglary and theft in his petition for writ of certiorari to the Colorado Supreme Court on direct appeal concluded with the following sentence:  "The Court's analysis on this issue is strained and contrary to traditional notions of due process and the right to a fair trial. U.S. Const. amends. V, VI, XIV; Colo. Const. Art. II, secs. 16, 25." (ECF No. 14-7 at 8-9.)  Despite this reference to the federal constitution, I agree with Respondents that claim 2 in the application was not fairly presented to the state appellate courts and is not exhausted because, as Mr. Arellano concedes, his opening briefing to the Colorado

8

Court of Appeals did not include any citations or references to federal constitutional law. The fact that Mr. Arellano included a reference to the federal constitution with respect to this claim for the first time in his petition for writ of certiorari to the Colorado Supreme Court does not satisfy the fair presentation requirement.

Mr. Arellano also argues that claim 2 should not be dismissed despite his failure to exhaust the claim because he can demonstrate cause and prejudice for his state court procedural default. I will address the cause and prejudice argument below.

Claim Three

Respondents concede that Mr. Arellano has exhausted state court remedies for both parts of claim 3.

Claim Four

Mr. Arellano's fourth claim is an ineffective assistance of counsel claim pertinent to both trial counsel and counsel on direct appeal and includes the six sub-parts listed above. Respondents do not dispute that Mr. Arellano raised all six sub-parts of claim 4 in his postconviction Rule 35(c) motion. However, Respondents maintain that Mr. Arellano raised on appeal in the state court postconviction proceedings only claims 4(e) and 4(f), which relate to trial counsel's failure to seek replacement of an allegedly biased juror who overheard a comment that Mr. Arellano previously had served time and direct appeal counsel's failure to raise as an issue the trial court's failure to sua sponte declare a mistrial when a potential juror exposed other jurors to the fact that Mr. Arellano previously had served time. Respondents concede that claims 4(e) and 4(f) are exhausted.

Mr. Arellano apparently concedes that the remaining ineffective assistance of counsel claims are not exhausted because he asserts in the Reply that "the other ineffective assistance of counsel claims raised in Mr. Arellano's initial postconviction application . . . were either not litigated at the trial level or were not appealed." (ECF No. 17 at 6.)  However, he argues in the Reply that the unexhausted ineffective assistance of counsel claims should not be dismissed as procedurally barred because he can demonstrate cause for his procedural default of those claims.  Based on my review of Mr. Arellano's state court appellate briefs, I agree with Respondents that the only ineffective assistance of counsel claims Mr. Arellano fairly presented to the state appellate courts are claims 4(e) and 4(f).  Therefore, I find that Mr. Arellano's other ineffective assistance of counsel claims, claims 4(a) - 4(d), are not exhausted.  I will address below Mr. Arellano's argument that he can demonstrate cause and prejudice for his procedural default of claims 4(a) - 4(d).

Claim Five

Mr. Arellano alleges in claim 5 that his right to due process was violated because the trial court considered expunged juvenile records at sentencing.  Respondents contend that claim five is unexhausted because the claim has not been presented to any Colorado state appellate court.  Mr. Arellano does not dispute this contention and my review of the state court appellate briefs confirms that claim 5 is not exhausted.  Mr. Arellano does argue that claim 5 should not be dismissed as procedurally barred because he can demonstrate cause and prejudice for his procedural default.  I will address that argument below.

## IV.  PROCEDURAL DEFAULT

Although Mr. Arellano failed to exhaust state remedies for claims 2, 4(a) - 4(d), and 5, I may not dismiss those claims for failure to exhaust state remedies if Mr. Arellano no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  Respondents contend that Mr. Arellano no longer has an adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted, because Mr. Arellano is barred from raising the unexhausted claims in a new postconviction motion.  More specifically, Respondents assert that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure, which requires courts to deny any claim that could have been raised in a prior appeal or postconviction proceeding, prevents Mr. Arellano from returning to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."  *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Arellano's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See*

11

*Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).  Furthermore, although Mr.

Arellano's unexhausted claims have not actually been raised and rejected by the state

appellate courts, the claims still are subject to an anticipatory procedural default if it is

clear that the claims would be rejected because of an independent and adequate state

procedural rule.  *See Coleman*, 501 U.S. at 735 n.1.

I find that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is

independent because it relies on state rather than federal law.  I also find that this

procedural rule is adequate because it is applied evenhandedly by Colorado courts.

*See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P.

Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction

motion).  In addition, Mr. Arellano presents no argument that Rule 35(c)(3)(VII) of the

Colorado Rules of Criminal Procedure is not independent and adequate.  Therefore,

claims 2, 4(a) - 4(d), and 5 are procedurally defaulted and cannot be considered unless

Mr. Arellano demonstrates either cause and prejudice or a fundamental miscarriage of

justice.

To demonstrate cause for his procedural default, Mr. Arellano must show that

some objective factor external to the defense impeded his ability to comply with the

state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective

factors that constitute cause include interference by officials that makes compliance with

the State's procedural rule impracticable, and a showing that the factual or legal basis

for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S.

467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Arellano can demonstrate

cause, he also must show "actual prejudice as a result of the alleged violation of federal

law." *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

With respect to claim 2, Mr. Arellano argues that he can demonstrate cause for his procedural default because counsel on direct appeal was ineffective by failing to raise that claim.  He argues that he can demonstrate cause for his procedural default of claims 4(a) - 4(d) and 5 because counsel on appeal from the denial of his postconviction Rule 35(c) motion was ineffective by failing to raise those claims.

In certain instances, ineffective assistance of counsel can constitute cause to excuse a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, to the extent Mr. Arellano seeks to establish cause based on the alleged ineffectiveness of direct appeal counsel, I note that a claim of ineffective assistance of counsel must be raised first as an independent constitutional claim in state court before it can be used to establish cause for a procedural default.  *See id.*  Mr. Arellano did not raise in the state court postconviction proceedings any claim that direct appeal counsel was ineffective by failing to raise a claim that Mr. Arellano's Fourteenth Amendment right to a fair trial was violated because the trial court admitted prejudicial evidence of an uncharged burglary and theft.  As a result, Mr. Arellano cannot rely on direct appeal counsel's alleged ineffectiveness to demonstrate cause for his procedural default of claim 2.[2]

---

[2]Although apparently not argued by Mr. Arellano, the same reasoning applies to the extent he may contend that claim 5 was not raised on direct appeal because direct appeal counsel was ineffective.

With respect to postconviction appeal counsel's alleged failure to raise claims 4(a) - 4(d) and 5 on appeal from the denial of his Rule 35(c) motion, Mr. Arellano specifically relies on the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held the following:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

I do not agree that *Martinez* applies to Mr. Arellano's unexhausted claims in this action. With respect to claim 5, that claim is not an ineffective assistance of trial counsel claim to which *Martinez* arguably might apply. I also find that *Martinez* does not apply to Mr. Arellano's unexhausted claims 4(a) - 4(d) because Mr. Arellano argues only that postconviction *appeal* counsel failed to raise the ineffective assistance of trial counsel claims. Prior to *Martinez*, the Supreme Court held that an attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default, *see Coleman*, 501 U.S. at 757, and the Supreme Court in *Martinez* reaffirmed that holding in *Coleman*:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial,

> even though that initial-review collateral proceeding may be
> deficient for other reasons.

*Martinez*, 132 S. Ct. at 1320 (emphasis added, citation omitted).  Therefore, Mr.

Arellano cannot demonstrate cause based on the alleged ineffectiveness of

postconviction appeal counsel.

Mr. Arellano raises no other arguments that might demonstrate good cause for

his procedural default or any resulting prejudice.  He also fails to demonstrate or argue

that a failure to consider his claims will result in a fundamental miscarriage of justice.

Therefore, I find that claims 2, 4(a) - 4(d), and 5 are procedurally barred.

## V.  CONCLUSION

In summary, Respondents do not argue that this action is untimely and I find that

claims 2, 4(a) - 4(d), and 5 must be dismissed as unexhausted and procedurally barred.

Accordingly, it is

ORDERED that claims 2, 4(a) - 4(d), and 5 are DISMISSED as unexhausted and

procedurally barred.  It is further

ORDERED that within thirty days Respondents are directed to file an answer in

compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses

the merits of the remaining claims.  It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a

reply, if he desires.

Dated:  January 9, 2013.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE