IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01693-WYD

WILLIAM ARELLANO,

    Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING PETITION FOR REHEARING**

---

    This matter is before me on the Petition for Rehearing (ECF No. 33) filed June 6, 2013, by Applicant. The Petition for Rehearing appears to be asserted pursuant to Rule 59 of the Federal Rules of Civil Procedure. I must construe the Petition for Rehearing liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Petition for Rehearing will be denied for lack of jurisdiction.

    Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) asserting five numbered claims for relief, including two with subparts, challenging the validity of his state court conviction in Pueblo County District Court case number 03CR383. On January 9, 2013, I entered an Order to Dismiss in Part (ECF No. 21) in which I dismissed claims 2, 4(a) - 4(d), and 5 as unexhausted and procedurally barred. On May 28, 2013, I entered an Order on

Application for Writ of Habeas Corpus (ECF No. 31) in which I addressed the merits of Applicant's remaining claims and determined he is not entitled to relief.

Applicant alleges in the Petition for Rehearing that his Fourth Amendment rights were violated as the result of an illegal search and seizure and that counsel failed to investigate the facts and law surrounding his case. Although not entirely clear, each of these allegations appears to either assert or reassert a federal basis for relief from the conviction Applicant is challenging in this habeas corpus action. Therefore, I must construe the Petition for Rehearing as a second or successive application for habeas corpus relief. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2005) (construing a Rule 60(b) motion); *United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006) (holding that Rule 59(e) motions must be construed like Rule 60(b) motions in the second or successive habeas context).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Applicant must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing me to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, I lack jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying

the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Applicant does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, I must either dismiss the second or successive application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Applicant is not asserting any claims in the Petition for Rehearing that are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, I find that a transfer is not in the interest of justice for that reason alone. *See id.* Accordingly, it is

ORDERED that Applicant's Petition for Rehearing (ECF No. 33) is **DENIED** for lack of jurisdiction.

DATED: August 23, 2013.

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            WILEY Y. DANIEL
                                            Senior United States District Judge